FILED

DEC 2 9 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States District Court, Northern District
of California at Oakland Division

————————————————X

Ann Zhai,

        Plaintiff,

   -v-

Stein Tree Services et. al.,

        Defendants.

————————————————X

**Verified Complaint**
**Jury Trial Demanded**

C14 - 5641

## I. Statement of Jurisdiction

1.    Federal Jurisdiction pursuant to Article III §2 of Constitution was met with 28 U.S.C. §§1331 & 1332.

2.    Federal jurisdiction pursuant to Article VI Clause 2 of Constitution was met with 28 U.S.C. §§1441 & 1443.

3.    Pendent jurisdiction for claims based on common law doctrines of fraud and deceit and abuse of process was met with 28 U.S.C. §1367.

## II. Parties

4.    Stein Tree Services Inc. (hereinafter "Stein Tree") was a Delaware Corporation incorporated by agent Mr. Jeffrey Stein who served as president. "Stein Tree" was interstate commerce and interstate motor carrier within Federal statutory language which employed a fleet of Boom Trucks and other commercial utility vehicles for forestry risk management and property transportation in Maryland, New Jersey, and Delaware[1]. "Stein Tree" and Mr. Stein answer this complaint as defendants.

———————————

[1] This jurisdictional fact was concealed by defendants in this suit; it was uncovered upon exhaustion of all venues in tri-state of Maryland, New Jersey and Delaware in searching for truth and ultimately secured a tangible proof on or about 12/29/2013. Defense and "Delaware" were estopped from changing position.

5.      Harford[2] Mutual Insurance Company (hereinafter "Harford") was interstate commerce pursuant to _United States v. South-Eastern Underwriters Association_, 322 U.S. 533, 64 S.Ct. 1162 (1944) for the business of selling insurance, involving negotiation and movement of persons, paper, and money across state lines. "Harford" corporate office was in Bel Air, Maryland. "Harford" had contractual relationship and tripartite suretyship with "Stein Tree" and plaintiff within the meaning of Federal law and a state law. "Harford" assigned the 3rd party claim to Ms. Robin Raymond. "Harford" and Ms. Raymond answer this complaint as defendants.

6.      Weber Gallagher Simpson Stapleton Fires & Newby LLC (hereinafter "Weber") was general practice law firm headquartered in Philadelphia with multiple locations in Northeast and Mid-Atlantic region of United States. The firm had name-sake changes affected limited partnership from Weber, Goldstein, Greenberg and Gallagher, LLP within past decade. "Weber" assigned Ms. Mary E. Sherlock to defend the 3rd party claim. "Weber" and Ms. Sherlock answer this complaint as defendants.

7.      Hon. Richard R. Cooch (hereinafter "Cooch"), a Delaware state judge sitting by designation, who answers this verified complaint in both individual and official capacities whose judicial immunity was abrogated in absence of complete jurisdiction of Index No.: _Zhai v. Stein and Stein Tree_, C.A. NO. 10C-11-079 RRC. "Cooch" answers this complaint as defendant.

8.      Delaware state (hereinafter "Delaware") ratified 14th Amendment since 02/12/1901 and elected to participate Unified Carrier Registration Act (hereinafter "UCR") pursuant to 49 U.S.C. §14504a(e) and was recipient of Federal revenue since

---

[2] Harford Mutual differs from the "Hartford Mutual" and the name is referenced to "Harford" in this suit.

01/2008.    "Delaware" sovereign immunity was abrogated pursuant to §5 of 14th Amendment and answers this complaint as defendant.

9.      Ann Zhai (hereinafter "Zhai") is the party in interest and has legal standing to sue under both Title 49 of US Codes and Title 18 of US Codes exclusively enacted by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment for injuries to public safety, person and property rights.   "Zhai" is the party in interest and has legal standing to sue pursuant to common law doctrines of fraud and deceit and abuse of process for injuries to person, personal and property rights.

### III. Venue

10.      _Zhai v. Stein & Stein Tree services, Inc._ was commenced in Delaware Superior court in 2010.   Defense failed to remove pursuant to 28 U.S.C. §1404(a) due to Article III §2 of Constitution.   Defense and "Delaware" failed to remove pursuant to 28 U.S.C. §§1441 & 1443 due to Article VI Clause 2 of Constitution when Federal rights and equal civil rights were unenforceable in Delaware state court.

11.      Removal would expose illegal trucking scheme aimed at disparity of state compliance and enforcement to Federal law in parallel motor registration systems affecting interstate commerce and public safety, personal and property rights; removal would expose conspiracy against rights and expose mail fraud and wire fraud in furtherance of the illegal trucking scheme; removal would expose fraud and deceit on jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant; removal would expose "Delaware" unconstitutional public policy; removal would provide civil remedy.

12.     Plaintiff asserts _Forum Non Conveniens_ pursuant to 28 U.S.C. §1404(a) if the case was removed back to US District Court at Delaware.  The venue in California confers original Federal jurisdiction.  Pursuant to 18 U.S.C. §1965(b), the venue would also accommodate permanent injury from the Boom Truck collision and would balance parties in multiple district in the interest of justice.

## IV. Statement of Subject Matter Jurisdiction

13.     This case alleges _illegal trucking scheme_ aimed at disparity of state compliance and enforcement to Federal law in parallel motor registration systems affecting interstate commerce and public safety, personal and property rights, affecting Congressional intent which enacted the Interstate Commerce Act of 1787 and 1887 and Interstate Motor Carrier Act of 1935 and Motor Carrier Act of 1980 and Motor Carriers Safety Improvement Act of 1999.

14.     This case alleges _illegal trucking scheme_ aimed at disparity of state compliance and enforcement to Federal law in parallel motor registration systems affecting interstate commerce and public safety, personal and property rights more than three years after Congressional intent enacted Public Law 109-59 under Title IV of Unified Carrier Registration Act (hereinafter "UCR") pursuant to 49 U.S.C. §14504a effective on 08/10/2005 and incorporated into 49 U.S.C. §§13902 & 13906(f) & 13908 & 31135 & 31139(b)(2)&(f) & 49 C.F.R. 387.15.

15.     This case alleges _illegal trucking scheme_ aimed at disparity of state compliance and enforcement to Federal law in parallel motor registration systems affecting interstate commerce and public safety, personal and property rights even after Congressional intent enacted Public Law 110-244 under Title III which struck out

4

"commercial motor vehicle" and inserted "motor carrier or motor private carrier as such terms are defined in 49 U.S.C. §13102 for purpose of minimum financial responsibility" following transportation of property by..." and incorporated into 49 U.S.C. §§13902 & 13908 & 31139(b) effective on 06/08/2008.

16.    This case alleges _scheme_ to conceal the _illegal trucking scheme_ aimed at disparity of state compliance and enforcement to Federal law in parallel motor registration systems affecting interstate commerce and public safety, personal and property rights. The definition of "scheme or artifice to defraud" pursuant to 18 U.S.C. §1346 codified as "a scheme or artifice to deprive another of the intangible right of honest services" (Pub.L. 100-690, Title VII, §7603(a), 11/18/1988).

17.    This case alleges _conspiracy against rights_ explicitly prohibited by 18 U.S.C. §§241 & 1962(c), to be carried out by the enterprise-associated-in-fact with purpose to conceal the illegal trucking scheme and to deprive civil remedy authorized by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

18.    This case alleges _patterns of racketeering conduct_ explicitly prohibited by 18 U.S.C. §1962, to be carried out by the enterprise associated-in-fact with purpose to conceal the illegal trucking scheme and to deprive civil remedy authorized by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

19.    This case alleges _mail fraud_ explicitly prohibited by 18 U.S.C. §1341, to be carried out by the enterprise associated-in-fact with purpose to conceal illegal trucking scheme and to deprive civil remedy authorized by Congressional intent secured by

Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

20.    This case alleges *wire fraud* explicitly prohibited by 18 U.S.C. §1343, to be carried out by the enterprise associated-in-fact with purpose to conceal illegal trucking scheme and to deprive civil remedy authorized by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

21.    This case alleges *perjury and false declaration* before court explicitly prohibited by 18 U.S.C. §§1621 & 1623, to be carried out by the enterprise associated-in-fact with purpose to conceal illegal trucking scheme and to deprive civil remedy authorized by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

22.    This case alleges *threat and extortion* explicitly prohibited by 18 U.S.C. §1952, to be carried out by the enterprise associated-in-fact with purpose to conceal illegal trucking scheme and to deprive civil remedy authorized by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

23.    This case alleges *obstruction of justice* explicitly prohibited by 18 U.S.C. §1512(b)(c), to be carried out by the enterprise associated-in-fact with purpose to conceal illegal trucking scheme and to deprive civil remedy authorized by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

24.     This case alleges *conspiracy against rights* pursuant to 18 U.S.C. §§241 & 1962(c), to be carried out by the enterprise associated-in-fact with purpose to defile the subject matter jurisdiction for civil remedy secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

25.     This case alleges *mail fraud* explicitly prohibited by 18 U.S.C. §1341, to be carried out by the enterprise associated-in-fact with purpose to defile the subject matter jurisdiction for civil remedy secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

26.     This case alleges *wire fraud* explicitly prohibited by 18 U.S.C. §1343, to be carried out by the enterprise associated-in-fact with purpose to defile the subject matter jurisdiction for civil remedy secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

27.     This case alleges *perjury and false declaration* before court explicitly prohibited by 18 U.S.C. §§1621 & 1623, to be carried out by the enterprise associated-in-fact with purpose to defile the subject matter jurisdiction for civil remedy secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

28.     This case alleges *threat and extortion* explicitly prohibited by 18 U.S.C. § 1952, to be carried out by the enterprise associated-in-fact with purpose to defile the subject matter jurisdiction for civil remedy secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

29.     This case alleges *obstruction of justice* explicitly prohibited by 18 U.S.C. §1512(b)(c), to be carried out by the enterprise associated-in-fact with purpose to defile

the subject matter jurisdiction for civil remedy secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

30.    This case alleges *fraud and deceit* to conceal the jurisdictional fact of state compliance and enforcement to Federal law by "Stein Tree" under either "Base State" of "UCR" pursuant to 49 U.S.C. §14504a or "Home State" of "SSRS" pursuant to 49 U.S.C. §14504 when "Harford" wrote 1 million dollar insurance policy which was necessary and relevant to the rights of 3rd party claimant.

31.    This case alleges *fraud and deceit* to conceal the jurisdictional fact of state compliance and enforcement to Federal law in minimum financial responsibility and of a surety appended on "Harford" insurance policy for public safety and public liability pursuant to 49 U.S.C. §31139 in a state law enforced insurance contract.

32.    This case alleges *fraud and deceit* on two separate and distinct insurance policy numbers with one released by insured and another used by insurer with intent to defraud 3rd party claimant who has exercised legal rights in Delaware jurisdiction.

33.    This case alleges *abuse of process* by defense which used attorney-client privilege entailed in that relationship to conceal jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant.

34.    This case alleges "Delaware" *unconstitutional public policy* directly contravened Congressional intent to protect public safety, personal and property rights in interstate commerce and motor registration and transportation secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.  The continuation of which violated 49 U.S.C. §§31134 & 31139 & 13103 & 30103.

35.    This case alleges "Delaware" _violation of §1 & §5 of 14th Amendment_ when it ratified 14th Amendment since 02/12/1901 and as recipient of Federal revenue and participant of "UCR" pursuant to 49 U.S.C. §14504a since 01/2008.

36.    The statutory right of action pursuant to Title 49 of US Codes for interstate commerce and motor registration and to protect public safety and personal and property rights was exclusively enacted by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

37.    The statutory right of action pursuant to Title 18 of US Codes for Racketeer Influenced and Corrupt Organization Act (RICO) to deter and punish racketeering conducts and to compensate injury to business and property was exclusively enacted by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

38.    Pursuant to common law doctrines of fraud and deceit and abuse of process, the law grants the injured party to seek monetary damages from anyone who has defiled the subject matter jurisdiction for deprivation of civil remedy by commission of fraud and deceit and abuse of process.  This court may balance different interest of state laws if conflict of any element existed pursuant to 28 U.S.C. §1367.

39.    Since fraud is alleged, factual statement subjects to **_heightened_** pleading standard pursuant to Federal Rules of Civil Procedure Rule 9(b) for fraud or mistake in particularity.   "Zhai" meets her burden of proof by offering clear and convincing and unequivocal fact which subjects to common law fraud pleading standard.  "Zhai" meets her burden of proof by preponderance of evidence which subjects to civil RICO pleading standard.

## V. Background Information and Statement of Facts

40.    On or about 11/11/2008, around 5:00PM, a unmarked Boom Truck wonton recklessly and without heeding the front Red light by smashing itself to a compact vehicle completely stopped for the Red light.  "Zhai" was sitting inside of front compact vehicle with seat belt on and instantaneously became the victim of Boom Truck collision in absence of her own fault and without any option to escape the casualty.

41.    "Zhai" had no contact with Delaware and was not a resident.

42.    The traffic light was installed in the intersection of Delaware highways 3 and 13 with a short distance off I-95 freeway.

43.    The unmarked Boom Truck was without a USDOT decal.

44.    The unmarked Boom Truck was without a State DOT decal.

45.    The unmarked Boom Truck was without a company's name.

46.    The weight, utility, and operation of unmarked Boom Truck with a mounted crane in the flat bed area was within Federal statutory language for commercial utility vehicles pursuant to Title 49 of US Codes in transportation and 29 U.S.C. §654 in OSHA.

47.    The unmarked Boom Truck was required to operate at road site or worksite by at least two persons within Federal statutory language pursuant to Title 49 of US Codes in transportation and 29 U.S.C. §654 in OSHA.

48.    The operator was without a commercial driver license (CDL).

49.    The operator had work orders for tree services on "Stein Tree" stationary.

50.    The operator was with a co-worker riding on the passenger seat.

51.    The operator would not give his full name other than first name "Don."

10

52.    The operator provided "Stein Tree" was his employer.

53.    The operator provided "Mr. Jeffrey Stein" was his boss.

54.    The operator provided "Harford" was primary insurance carrier.

55.    The operator gave "Harford" Policy No.: 9068024 by calling "Stein Tree."

56.    Upon verification with "Harford" on Policy No.: 9068024, it was a valid commercial insurance policy at Red light collision.

57.    "Zhai" was driving through I-95 by answering family medical emergency and stopped for refueling and made a complete stop at Red light at the intersection of highways 3 & 13 before was smashed by unmarked Boom Truck.

58.    "Zhai" had contacted "Mr. Stein" who only used telephone to advise "Zhai" that he would rely on his counsels and insurance carrier to handle this matter.

59.    Mr. Stein would not disclose jurisdictional fact of state compliance and enforcement to Federal law under which motor registration system the fleet of "Stein Tree" was registered in light of valid 1 million dollars "Harford" insurance policy.

60.    Mr. Stein would not produce contract of "Harford" Policy No.: 9068024.

61.    Mr. Stein would not produce surety bond and/or MCS-90 endorsement pursuant to 49 U.S.C. §§13902 & 13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) 31135 & 31139(b)(2)(f) & 49 C.F.R. 387.15 appended on "Harford" policy No.: 9068024 to this unmarked Boom Truck and unlicensed operator.

62.    Mr. Stein would not produce qualification of unlicensed operator of Boom Truck in the scope of employment pursuant to 49 U.S.C. §31135 in transportation and 29 U.S.C. §654 in OSHA.

63.    Mr. Stein would not produce ownership of unmarked Boom Truck.

64.    Mr. Stein would not produce the maintenance records in lieu of inspection records of unmarked Boom Truck.

65.    Mr. Stein said he was president of "Stein Tree" a Delaware corporation.

66.    Mr. Stein said "Harford" was primary insurer.

67.    Mr. Stein had website setup in 2011 which corroborated the fact that "Don Smith" and co-worker who rode unmarked Boom Truck were employees of "Stein Tree."

68.    The investigation on "Stein Tree" corporate locations listed under yellow pages in Delaware yielded nothing "relevant and material" pursuant to Rules of Evidence of Civil Procedure but couple of shell company locations and one of which turned out to be acreages of investment residential home.

69.    The investigation with Delaware secretary of state office yielded nothing "relevant and material" pursuant to Rules of Evidence of Civil Procedure whether "Stein Tree" was interstate motor carrier or exclusively intrastate motor carrier in Delaware.

70.    "Zhai" duly and timely filed claim with "Harford."

71.    Mr. Ralph F. Ciliberti (license No.: 139029) assigned by "Harford" on 11/13/2008 inspected the vehicle and took a set of photos and deemed the vehicle was total loss in a report dated 12/16/2008.

72.    "Harford" assigned Ms. Raymond who would not provide insurance contract under Policy No.: 9068024 within the Federal statutory language pursuant to Title 49 of US Codes in transportation and 29 U.S.C. §654 in OSHA, as such contract was "relevant and necessary" to the rights of 3rd party claimant in compliance with 49 U.S.C. §§13902 & 13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) & 31135 & 31139(b)(2)(f) & 49 C.F.R. 387.15.

73.    "Harford" and Ms. Raymond would not provide insurance contract under Policy No.: 9068024 governed by a state law, as any exclusion clause was "relevant and necessary" to the rights of 3rd party claimant in compliance with 49 U.S.C. §§13902 & 13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) & 31135 & 31139(b)(2)(f) & 49 C.F.R. 387.15.

74.    "Harford" and Ms. Raymond would not produce surety bond and/or MCS-90 endorsement pursuant to 49 U.S.C. §§13902 & 13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) 31135 & 31139(b)(2)(f) & 49 C.F.R. 387.15 appended to "Harford" policy No.: 9068024 as tripartite suretyship agreement contained legal duties and rights between "Harford" and "Stein Tree" to Obligee ("Zhai").

75.    "Harford" and Ms. Raymond would not provide jurisdictional fact of state compliance and enforcement to Federal law under which system Mr. Stein and "Stein Tree" registered its fleet to get 1 million dollars policy due to parallel motor registration systems of "UCR" and "SSRS" co-existent pursuant to 49 U.S.C. 14504a.

76.    "Harford" and Ms. Raymond would not provide qualification of unlicensed operator in the scope of employment within the meaning of Federal statutory language pursuant to Title 49 US Codes in transportation and 29 U.S.C. §654 in OSHA.

77.    Finally, "Harford" dispensed a check for total loss of vehicle via US mail. But, "Harford" check bore a different [Policy Number 6031819] which was separate and distinct from [Policy No.: 9068024] given by "Stein Tree" at Red light collision.

78.    "Zhai" duly and timely filed _Zhai v. Stein & Stein Tree services, Inc_. in Delaware superior court under the condition if "Harford" and "Stein Tree" have conspired to conceal the jurisdictional facts alleged in ¶¶30-31-32 with intent to defraud "Zhai" due

to her race, gender and vulnerability of family medical emergency, defense counsels [s]hall remove to Federal court pursuant to Article III §2 of Constitution.

79.    "Harford" was a regular client of "Weber."

80.    Within 30 days receipt of complaint, nobody answered the complaint.

81.    "Weber" assigned Ms. Sherlock to defend the 3rd party claim.

82.    "Weber" and Ms. Sherlock never petitioned Delaware state court for removal to US District Court pursuant to Article III §2 of Constitution.

83.    "Weber" and Ms. Sherlock never answered the complaint.

84.    The subject matter of state compliance and enforcement to Federal law in _motor carrier_ and _motor operator_ in the scope of employment under current parallel registration systems of "UCR" or "SSRS" was never joined in law and in fact.

85.    The subject matter of state compliance and enforcement to Federal law in civil remedy in mandatory minimum financial responsibility for public liability and of a surety appended on insurance contract was never joined in law and in fact.

86.    The subject matter of two separate and distinct insurance policy [numbers] with one released by "Stein Tree" at Red light collision and another used by "Harford" to settle vehicle damage was never joined in law and in fact.

87.    Defense used their exclusive personal knowledge and [Delaware] _unconstitutional public policy_ to manipulate jurisdictional facts alleged in ¶¶30-31-32 by knowingly waived original subject matter jurisdiction and removal jurisdiction.

88.    Ms. Sherlock was a veteran trial counsel who held managing partner title at Dover, DE office and was admitted in District Court and "Weber" had commercial trucking litigation practice and financial minimum responsibility and of a surety and/or

14

MCS-90 endorsement was a familiar domain of law practice, and insurance coverage disputes for trucking collision was a specialty they pride themselves.

89.    If defense was required by Federal law and a state law to produce insurance contract and of a surety appended on insurance contract in light of **undisputed** Red light collision caused by **unmarked** Boom Truck with **unlicensed** operator with co-worker in the scope of employment in Delaware jurisdiction, it would expose the illegal trucking scheme in violation of 18 U.S.C. §1346; it would expose fraud and deceit on jurisdictional facts alleged in ¶¶30-31-32; it would expose mail fraud and wire fraud in furtherance of illegal trucking scheme in violation of 18 U.S.C. §§1341 & 1343 & 1346; it would expose conspiracy against rights in violation of 18 U.S.C. §§241 & 1962(c).

90.    Delaware constitution gives exclusive jurisdiction of piecing the corporate veil to chancery court but superior court has removal jurisdiction by 10 DE §1902.

91.    "Delaware" ratified 14th Amendment 02/12/1901 and elected to participate "UCR" pursuant to 49 U.S.C. §14504a since 01/2008 and was recipient of Federal revenue to benefit public safety.    Paradoxically, "Delaware" elected not to mandate USDOT decal on commercial vehicles and Delaware jurisdiction had no legal precedent for enforcement of Federal law and rights under Title 49 US Codes in transportation and 29 U.S.C. §654 in OSHA.    But, "Delaware" did mandate DEDOT decal on commercial vehicles to regulate intrastate commerce.

92.    Maryland and New Jersey elected not to participate "UCR." But, Maryland and New Jersey mandated USDOT decal on commercial vehicles under "SSRS" for

Federal permit and both states pertain legal precedent as to compliance and enforcement of Federal law and rights under Title 49 US Codes in transportation.

93.     "Stein Tree" was for-profit forestry risk management and property transportation for three decades of interstate commerce in Maryland, New Jersey, and Delaware and had a fleet of Boom Trucks and other commercial utility vehicles and maintained 1 million dollars insurance policy with "Harford" at Red light collision. "Harford" was interstate commerce of selling insurance, involving negotiation and movement of persons, paper, and money across state lines pursuant to _United States v. South-Eastern Underwriters Association,_ 322 U.S. 533, 64 S.Ct. 1162 (1944).

94.     According to "UCR" which was adopted by "Delaware" pursuant to 49 U.S.C. §14504a(f), the fees assessed to a motor carrier, motor private carrier, or freight forwarder in connection with filing of proof of financial responsibility shall be based on the "**number** of commercial motor vehicles" owned or operated by the carrier.

95.     If defense and "Delaware" were required by Federal law and a state law to produce insurance contract and of a surety appended on insurance contract in light of **undisputed** Red light collision caused by **unmarked** Boom Truck with **unlicensed** operator with co-worker in the scope of employment, it would expose Delaware _unconstitutional public policy_ enabled the _illegal trucking scheme_ in violation of 18 U.S.C. §1346 aimed at disparity of state compliance and enforcement to Federal law in parallel motor registration systems pursuant to 49 U.S.C. §§14504a & 14504 ("SSRS" is still effective) affecting interstate commerce, public safety, personal and property rights.

96.     Upon exhaustion of all venues in tri-state of Maryland, New Jersey, and Delaware to uncovering the _illegal trucking scheme_ caused Red light collision, the fraud

and deceit and abuse of process on jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant, patterns of racketeering conduct in furtherance of the scheme in violation of 18 U.S.C. §§1962 & 1346, and conspiracy against rights in violation of 18 U.S.C. §§241 & 1962(c), "Zhai" secured a tangible proof on or about 12/29/2013 to corroborate "Stein Tree" new website created 2013 one year after state court dismissal of *Zhai v. Stein and Stein Tree, Inc.*

97.   A motion to vacate void order was filed in Delaware 03/27/2014.

98.   An order to show cause was filed in Delaware 05/14/2014.

99.   Defense and "Delaware" remained silent by not flipping into new position.

### VI. Exclusive Personal Knowledge on Illegal Trucking Scheme and Jurisdictional Facts

100.   11/11/2008, a RED light collision was caused by unmarked Boom Truck with unlicensed operator and co-worker in the scope of employment more than three years after "Delaware" adopted Congressional intent as recipient of Federal revenue and participant of "UCR" pursuant to 49 U.S.C. §14504a.  "UCR" had incorporated into 49 U.S.C. §§13902 & 13906(f) & 13908 & 31135 & 31139(b)(2)(f) and 49 C.F.R. 387.15 as to amount and forms of financial responsibility for public safety and liability.

101.   11/11/2008, a PARALLEL motor registration systems co-existent affected interstate commerce: "Base State" registration under "UCR" pursuant to 49 U.S.C. §14504a effective 08/10/2005 or "Home State" registration under "SSRS" pursuant to 49 U.S.C. §14504 (repealed 08/10/2005) due to some states elected not to participate "UCR" but was in compliance with "SSRS."

102.   11/11/2008, 3-YEAR window time granted by Congressional intent to adopt "UCR" by 50-state union expired.  JURISDICTIONAL fact of "Stein Tree" had

"Base State" in compliance with "UCR" or "Home State" in compliance with "SSRS" when "Harford" wrote 1 Million dollars insurance was material and relevant to the rights and civil remedy of "*Zhai v. Stein and Stein Tree, Inc.*"

103.    11/11/2008, among the STATES where "Stein Tree" engaged interstate commerce for forestry services, only Delaware participated "UCR" (since 01/2008); New Jersey and Maryland did not.  Delaware did not mandate USDOT decal on commercial vehicles but Maryland and New Jersey did under "SSRS."

104.    11/11/2008, if "Stein Tree" had switched to Delaware as "Base State" from Maryland or New Jersey, ALL Commercial Vehicles must be counted for at the time of fees-for-registration for financial minimum responsibility pursuant to 49 U.S.C. §§13902 & 13906(f) & 13908 & 14504(f)(1) & 49 C.F.R. 387.15.

105.    11/11/2008, if "Stein Tree" still used "Home Base" under "SSRS," Mr. Stein and/or "Stein Tree" must deploy USDOT marked Boom Truck from Maryland to Delaware or from New Jersey to Delaware for services in Delaware legally in compliance with Federal law.

106.    In view of disparity particularly in tri-state Mid-Atlantic region, Mr. Stein and "Stein Tree" detected the disparity of state compliance and enforcement to Federal law and used it as illegal trucking scheme aimed at such disparity to unjust enrichment of himself/"Stein Tree" and unjust endangerment of public safety without public detection of violation of Federal law.    Running a PARALLEL scheme by deploying USDOT marked Boom Truck to Maryland and New Jersey while deploying unmarked Boom Truck with unlicensed operator to Delaware was *prima facie* violation of Federal law.

107.    Pursuant to 18 U.S.C. §1346, a scheme was codified as "a scheme or artifice to deprive another of the intangible right of honest services" (Pub.L. 100-690, Title VII, §7603(a), 11/18/1988).    Although all circuits and US Supreme Court have complained about unconstitutional vagueness of this statute however, in this case, Mr. Stein and Stein Tree clearly owed **explicit statutory duty** to public and fiduciary duty to employees as interstate commerce and motor carrier whereby Title 49 US Codes and Title 29 US Codes mandated him to carry financial minimum responsibility and of a surety for public safety and to deploy the licensed operator for each and every Boom Trucks he owned and/or operated.    The detrimental effect of illegal trucking scheme to deprive another of the intangible right of honest services was direct due to public highway sharing.    The detrimental effect of illegal trucking scheme in "Delaware" and to affect interstate commerce, public safety, personal and property rights was direct due to public highway sharing and enablement of Delaware unconstitutional public policy.

108.    "Zhai" filed suit in the caption of *Zhai v. Stein and Stein Tree services, Inc.* in "Delaware" with full faith and credit on [independent judiciary] to uphold the rules of law and the supreme law of the land.    But, subject matter jurisdiction of state compliance and enforcement to Federal law and Federal rights and equal civil rights in re *Zhai v. Stein and Stein Tree services* was knowingly waived by defense and "Delaware" to coverup the illegal trucking scheme in violation of 18 U.S.C. §1346 and to coverup conspiracy against rights in violation of 18 U.S.C. §§241 & 1962(c):

(1).    Pursuant to Article III and Article VI clause 2 of Constitution, a state jurist shall exercise **concurrent** jurisdiction as to both moving violation of Red light collision and state compliance and enforcement to Federal law for motor carrier (Delaware

Corporation) and motor operator (Stein Tree employee) in the scope of employment under current parallel registration systems of "UCR" (49 U.S.C. §14504a) or "SSRS" (49 U.S.C. §14504), particularly when Delaware adopted "UCR" 1/2008.

(2).    "Harford" insured the fleet of Mr. Stein and "Stein Tree" for 1 million dollars and "Harford" was represented by "Weber." The **surety** for public liability pursuant to Federal law and **exclusion clause** pursuant to a state law enforced insurance contract in view of omission of compliance issue [unmarked Boom Truck with unlicensed operator at Red light collision] was knowingly waived by defense and "Delaware;"

(3).    Fraud and deceit on two separate and distinct insurance policy numbers with one [Policy No.: 9068024 given by Stein Tree at Red light collision and another Policy Number 6031819 settled vehicle loss by "Harford" was knowingly waived by defense and "Delaware;"

(4).    Civil remedy of _Zhai v. Stein and Stein Tree services_ was tied with the jurisdictional fact of compliance issue in view of **undisputed** Red light collision:

Was the bastardness of Boom Truck affiliated with "Stein Tree" an exclusive intrastate motor carrier in Delaware?; or, was the bastardness of Boom Truck affiliated with "Stein Tree" an interstate motor carrier? Where was it in compliance with the parallel registration systems pursuant to 49 U.S.C. §14504a under "UCR" or "SSRS" pursuant to 49 U.S.C. §14504 to obtain 1 million dollars insurance?

109.    The jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant was concealed by "Stein Tree" in view of the illegal trucking scheme in violation of 18 U.S.C. §1346.

110.    The jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant was concealed by "Stein Tree" and "Harford" to prevent judgment due to contractual relationship and tripartite suretyship.

111.    The jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant was concealed by "Weber" and "Harford" and "Stein Tree" to prevent judgment due to fiduciary relationship of attorney-clients defending the contractual relationship and tripartite suretyship.

112.    The jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant was concealed by the enterprise associated-in-fact via patterns of racketeering conduct in violation of 18 U.S.C.§1962 in furtherance of violation of Federal laws and Federal rights and equal civil rights.

113.    The jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant was knowingly waived by "Delaware" due to _unconstitutional public policy_ which has crippled public rights both in compliance and in enforcement when "Delaware" elected not to mandate USDOT decal on commercial vehicles by solely relied on state policing power or subdivision of state political affiliation to enforce the state compliance and enforcement to Federal law while fiercely advocated Delaware corporate interest to enhance state revenue.   More importantly, "Delaware" **unconstitutionally** substituted its own state interest to **established** legal standard in all circuits.

114.    Mr. Stein, who was corporate officer and alter-ego of "Stein Tree," had personal knowledge on state compliance and enforcement to Federal law whereby he and "Stein Tree" conducted interstate commerce, answered the 3rd party claim; both Mr.

Stein and "Stein Tree" had vested financial interest pursuant to Title 49 US Codes in transportation and 29 U.S.C. §654 in OSHA.

115.   Ms. Raymond assigned by "Harford", who had personal knowledge on state compliance and enforcement to Federal law as underwriter and claim adjuster who processed the 3rd party claim; both "Harford" and "Stein Tree" had vested mutual financial interest due to contractual relationship and tripartite suretyship.

116.   Ms. Sherlock, assigned by "Weber" as defense counsels for the insurer who had personal knowledge on state compliance and enforcement to Federal law defended the 3rd party claim in the scope of injures to public safety, personal and property rights in Delaware jurisdiction, had fiduciary duties to both "Harford" and "Stein Tree" due to attorney-client relationship.

### VII. Affirmative Duty and Breach of Duty by Judicial Officers

117.   The Federal Commerce Power is as broad as the economic needs of the nation," _North American Co. v. Securities and Exchange Commission_, 327 U.S. 686, 67 S. Ct. 141 (1946).  When civil remedy was tied to state compliance and enforcement to Federal law, "Delaware" never inquired state compliance and enforcement to Federal law, _sua sponte_, or unto parties, both as recipient of Federal revenue and participant of "UCR" pursuant to 49 U.S.C. §14504a since 01/2008 and as a state ratified 14th Amendment since 02/12/1901:

(1).   "Harford" insured the fleet of Mr. Stein and "Stein Tree" for 1 million dollars 11/11/2008, where was "Stein Tree" in compliance with the parallel registration systems to obtain 1 million dollar insurance legitimately?  Was it under Base State of "UCR" or Home State of "SSRS?"

(2).    Which state was in compliance with Federal law under current parallel registration systems?    Was it Delaware of "UCR?" or New Jersey of "SSRS." or Maryland of "SSRS?"

(3).    Who bore the burden of proof the state compliance to Federal law?

(4).    Was disclosure of state compliance to Federal law under current parallel registration systems of "UCR" or "SSRS" mandatory? Or discretionary?

118.    "Delaware" was without discretion from Article III §2 and Article VI Clause 2 of Constitution when ratified 14th Amendment 02/12/1901.    If in fact Federal preemption was impossible due to conflict of state and Federal remedy or due to state lacks remedy at enforcement of Federal rights and equal civil rights, removal was absolute pursuant to 28 U.S.C. §§1331 & 1332 & 1404(a) & 1441 & 1443.

119.    In spite of American adversarial legalism, "Weber" and Ms. Sherlock had legal duty to the court and fiduciary duties to the clients pursuant to Article III §2 and Article VI Clause 2 of Constitution for removal to US District Court.    Instead, they breached legal and fiduciary duties and forfeited legal and fiduciary duties to conspire against rights with clients in violation of 18 U.S.C. §§241 & 1962(c)(d).    Under tripartite suretyship of a surety appended on insurance contract, "Weber" and Ms. Sherlock clearly owed **explicit statutory duty** to obligee ("Zhai") who has substituted "Stein Tree" as "insured" (citation omitted).

120.    By Oath and Judicial Ethics, state jurists, pursuant to Article III §2 and Article VI Clause 2 of Constitution, shall apply preemption of subject matter.    In re _Zhai v. Stein and Stein Tree_, when a non-resident pro se Asian female plaintiff appeared before Delaware jurisdiction, state jurists exercised discretion in favor of one party over

another and breached Oath and Judicial Ethics by foregone Constitutional due process and equal protection clause.   Molestation of *Zhai v. Stein & Stein Tree services, Inc.* without **any** just cause except "Zhai" was a non-resident pro se female Asian plaintiff offended Article III §2 and Article VI Clause 2 of Constitution.

121.   Continuation of molestation particularly aimed at "Zhai'" motion to amend the complaint without inquiry on state compliance and enforcement to Federal law in motor carrier (Delaware corporation) and motor operator ("Stein Tree" employee) by substituting state policing power to the settled legal standard for burden of proof on jurisdictional facts alleged in ¶¶30-31-32 offended Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

122.   Continuation of molestation particularly aimed at "Zhai'" motion to vacate void order and order to show cause without due process and equal protection of law offended Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

123.   The assault on the Congressional intent by defense and "Delaware" happened **_particularly_** after "Delaware" elected "UCR" since 01/2008; **_particularly_** after the scheme aimed at disparity of state compliance and enforcement to Federal law in parallel registration systems in tri-state of Maryland, New Jersey, and Delaware more than three years after "UCR" became law pursuant to 49 U.S.C. §14504a since 08/10/2005.

124.   The burden of proof on jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant according to settled legal

24

standard in all circuits was a matter of law.  Had Defense and "Delaware" upheld the rules of law and supreme law of the land, they would have known Public had rights to know the jurisdictional facts when "Stein Tree" deployed Boom Truck or self-propelled motor vehicle pursuant to Congressional intent enacted 49 U.S.C. §§113(b), 13902 & 13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) & 30166 & 31135 & 31139(b)(2)&(f) and 49 C.F.R. 387.15.

125.    The departure from settled legal standard in Delaware jurisdiction estops Defense and "Delaware" [individually and collectively] from flipping into new position.

### VIII. Affirmative Duty and Breach of Duty Due to Tripartite Suretyship Appended on Primary Insurance Policy

126.    Congressional intent created tripartite suretyship appended on insurance policy to guarantee public liability, and such duty and liability was triggered at the Red light collision when the unmarked Boom Truck was not listed in the insurance policy and the unlicensed operator was not designated driver in the insurance policy.   The legal definition of "Harford" liability is original, primary and direct because it was the surety for "Stein Tree" pursuant to Federal law and a state law.   Under such tripartite suretyship, "Harford" and "Stein Tree" clearly owed **explicit statutory duty and liability** to obligee ("Zhai") who has substituted "Stein Tree" as "insured" (citation omitted).

127.    Congressional intent granted "Zhai" to enforce her legal rights whereby "the contract between the surety and the obligee is a collateral contract under which the surety is compelled to perform when the principal fails to fulfill its obligations under the original contract.   Thus, a **suretyship** agreement is not an original contract but an accessory contract.  In other words, a **suretyship** agreement is a contract that is "made to provide security for the performance of an obligation that arises under an original

contract.  Thus, the obligation which the **suretyship** agreement secures is owed under

an original contract between two parties (i.e. the principal and obligee), one of whom is

also a party to the **suretyship** agreement[3] (i.e. the principal).

128.  Pursuant to such triplicate suretyship, "Harford" and "Stein Tree" had

**explicit statutory duty** and collateral **contractual duty** to disclose the jurisdictional

fact alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party

claimant.  Even if such disclosure would have adversely exposed the illegal trucking

scheme in violation of 18 U.S.C. §1346 which exceeded the scope of liability beyond

Red Light moving violation.  "Harford" and "Stein Tree" had **explicit statutory duty** and

collateral **contractual duty** to pay the liability to the Obligee ("Zhai").

### IX. Intent to Conceal the Scheme and Deceive the Public and Deprive Civil Remedy by Enterprise Associated-in-Fact

129.  Pursuant to 18 U.S.C. §2, anyone who aids and abets an offense is

punishable as a principal.  "Stein Tree" had affirmative intent to avoid judgment due to

*prima facie* violation of Federal law.  "Harford" had affirmative intent to avoid judgment

due to contractual relationship and tripartite suretyship with "Stein Tree."

130.  "Stein Tree" and "Harford" and "Weber" were separate and distinct ***private***

entities under bylaws of Delaware, Maryland, and Pennsylvania.  In light of financial

stakes in defending of illegal trucking scheme in violation of 18 U.S.C. §1346 which had

caused Red light collision, ***private*** entities joined forces and formalized an enterprise

associated-in-fact with purpose to conspire against rights pursuant to 18 U.S.C. §§241

& 1962(c).  The rights by which they conspired against at were civil remedy authorized

---

[3] SURETYSHIP AGREEMENTS AND THE ENRON SURETY BOND LITIGATION by Ricardo Antaramian, Florida State University Business Review 203, 2004-2005.

by Congressional intent secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

131.  Interstate travel is a fundamental right protected by Constitution.

132.  Keeping family members together in sickness and death is a fundamental right protected by Constitution.

133.  To ensure public safety and public liability due to highway sharing, and to guarantee the statutory right of action when public safety failed by any cause under any condition is a privilege secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

134.  Equal protection in interstate travel is a guaranteed Federal civil rights.

135.  Statutory right of action is a vested property right assignable and guaranteed by §1 & §5 of 14th Amendment.

136.  To access court and right to appeal are fundamental rights guaranteed by §1 & §5 of 14th Amendment of Constitution.

## X. Intent to Conceal the Scheme and Deceive the Public and Deprive Civil Remedy by Patterns of Racketeering Conduct

137.  Mr. Stein and "Stein Tree" violated 18 U.S.C. §1346 by running illegal trucking scheme aimed at disparity of state compliance to Federal law in parallel motor registration systems affecting interstate commerce and public safety, personal and property rights.

138.  Mr. Stein and "Stein Tree" violated 18 U.S.C. §1343 when he knowingly used US wire to conceal the jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant after he released "Harford" [Policy No.: 9068024] without producing jurisdictional facts.

139.   Mr. Stein and "Stein Tree" violated 18 U.S.C. §1343 when he knowingly used US wire to defraud "Zhai" in furtherance of the scheme in violation of 18 U.S.C. §1346 aimed at disparity of state compliance to Federal law in parallel registration systems pursuant to 49 U.S.C. §§113(b) & 13902 & 13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) & 30166 & 31135 & 31139(b)(2)&(f) and 49 C.F.R. 387.15 and 29 U.S.C. §654 in OSHA.

140.   Mr. Stein and "Stein Tree" violated 18 U.S.C. §§241 & 1962(c) and 18 U.S.C. §1343 when he knowingly used US wire to advise "Zhai" that he would rely on his counsels and insurance carrier to handle this matter when in fact, pursuant to Federal law and a state law, he had burden of proof on the jurisdictional facts alleged in ¶¶30-31-32 when Boom Truck or self-propelled vehicle deployed in the scope of employment which were necessary and relevant to the rights of 3rd party claimant.

141.   Ms. Raymond and "Harford" violated 18 U.S.C. §§1341 & 1343 when they used US mail and wire to process 3rd party claim by knowingly swapping "Harford" [Policy No.: 6031819] separate and distinct from [Policy No.: 9068024] given by "Stein Tree" to pay for vehicle damage while knowingly concealed jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant.

142.   Ms. Raymond and "Harford" violated 18 U.S.C. §§1341 & 1343 by knowingly used US mail and wire to defraud "Zhai" in furtherance of the scheme in violation of 18 U.S.C. §1346 aimed at disparity of state compliances to Federal laws in parallel registration systems pursuant to 49 U.S.C. §§113(b) & 13902 & 13906(f) &

13908 & 14504a & 14504 ("SSRS" was still effective) & 30166 & 31135 & 31139(b)(2)&(f) and 49 C.F.R. 387.15 and 29 U.S.C. §654 in OSHA.

143. Ms. Raymond and "Harford" violated 18 U.S.C. §§241 & 1962(c) when a surety appended on "Harford" policy pursuant to Federal law and a state law mandated their burden of proof on the jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant.

144. Ms. Sherlock and "Weber" violated 18 U.S.C. §§1341 & 1343 when they knowingly used US mail and wire to conceal jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant at Delaware jurisdiction.

145. Ms. Sherlock and "Weber" violated 18 U.S.C. §§1341 & 1343 when they knowingly used US mail and wire to defraud "Zhai" in furtherance of the scheme in violation of 18 U.S.C. §§1346 aimed at disparity of state compliances to Federal laws in parallel registration systems pursuant to 49 U.S.C. §§113(b) & 13902 & 13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) & 30166 & 31135 & 31139(b)(2)&(f) and 49 C.F.R. 387.15 and 29 U.S.C. §654 in OSHA.

146. Ms. Sherlock and "Weber" violated 18 U.S.C. §§1341 & 1343 when they knowingly used US mail and wire as means in legal proceedings to waive original subject matter jurisdiction and removal jurisdiction and as means to conspire against rights explicitly prohibited by 18 U.S.C. §§241 & 1962(c).

147. Ms. Sherlock and "Weber" represented enterprise associated-in-fact which engaged patterns of racketeering conduct for conspiracy against rights explicitly

prohibited by 18 U.S.C. §§241 & 1962(c). Had one party budged, the scheme would not have succeeded in Delaware jurisdiction:

(1).    Notice of Suit: within 30 days receipt of complaint, a conspiracy against rights in furtherance of coverup the illegal trucking scheme aimed at disparity of state compliance and enforcement to Federal law in parallel registration systems pursuant to 49 U.S.C. §§113(b) & 13902 & 13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) & 30166 & 31135 & 31139(b)(2)&(f) and 49 C.F.R. 387.15. As a result of conspiracy against rights, defense knowingly failed to removal to US District Court pursuant to Article III §2 of Constitution.

(2).    Answer to complaint: no answer to the complaint. Defense conspired to against rights in furtherance of the scheme aimed at disparity of state compliance and enforcement to Federal law in parallel registration systems pursuant to 49 U.S.C. §§113(b) & 13902 & 13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) & 30166 & 31135 & 31139(b)(2)&(f) and 49 C.F.R. 387.15. As a result of conspiracy against rights, Defense knowingly waived the original subject matter jurisdiction and removal jurisdiction pursuant to Article III §2 of Constitution.

(3).    Delaware state court imposed private settlement in absence of jurisdiction: Ms. Sherlock and "Weber" violated 18 U.S.C. §1952 when they knew Delaware state court lacked remedy or contradicted to Federal remedy. When extortion of private settlement failed, Ms. Sherlock immediately caused motion to dismiss via US mail demanding Delaware state jurist to dismiss *Zhai v. Stein and Stein Tree, Inc.*

(4).    Motion to amend the complain: Ms. Sherlock and "Weber" violated 18 U.S.C. §§1621 &1623 by sworn and declared falsely oral argument when they knew or

should have known ample legal precedents in all circuits concerning public liability of a surety and/or MCS-90 endorsement pursuant to US Congressional intent.

(5).     Motion to amend the complain: Ms. Sherlock and "Weber" violated 18 U.S.C. §§1621 & 1623 by sworn and declared falsely in oral argument when they knew or should have known "Zhai" duly and timely disclosed separate pending suit and "Zhai"'s motion to consolidate two suits triggered their legal duty and fiduciary duty for removal to US District Court.   Instead, Ms. Sherlock and "Weber" forfeited legal duty and fiduciary duty in order to prevent civil remedy secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment and in order to coverup the illegal trucking scheme in violation of 18 U.S.C. §§1346.

(6).     Telephone conference: Ms. Sherlock and "Weber" violated 18 U.S.C. §§1621 & 1623 by sworn and declare falsely in oral argument and obstructed justice in violation of 18 U.S.C. §1512(b)(c) when they knew or should have known the surety appended on "Harford" insurance contract was imposed by US Congressional intent.

(7).     Motion to dismiss: Ms. Sherlock and "Weber" violated 18 U.S.C. §§241 & 1962(c) by knowingly abused settled legal standard on disclosure of jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant.

(8).     Vacatur was met with silence and continued conspiracy against rights explicitly prohibited by 18 U.S.C. §§241 & 1962(c) and in furtherance of the scheme in violation of 18 U.S.C. §1346 aimed at disparity of state compliance and enforcement to Federal law in parallel registration systems pursuant to 49 U.S.C. §§113(b) & 13902 &

13906(f) & 13908 & 14504a & 14504 ("SSRS" was still effective) & 30166 & 31135 & 31139(b)(2)&(f) and 49 C.F.R. 387.15.

(9).    Order to Show Cause was met with silence and continued conspiracy against rights explicitly prohibited by 18 U.S.C. §§241 & 1962(c) with purpose to coverup the illegal trucking scheme in violation of 18 U.S.C. §§1346 and to deprive civil remedy secured by Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment.

## XI. Intent to Conceal the Scheme and Deceive the Public and Deprive Civil Remedy by Relationship and Continuation

148.    The Red light collision triggered surety and/or MCS-90 endorsement appended on "Harford" policy due to omission of compliance issue.

149.    Contractual language might contain exclusion clause by a state law.

150.    Surety bond and/or MCS-90 endorsement appended on "Harford" policy for financial minimum responsibility for public safety and liability exclusively pursuant to Congressional intent negated the exclusion clause despite a scheme aimed at disparity of state compliance and enforcement to Federal law in parallel registration systems by deployment of unmarked Boom Truck and unlicensed operator with co-worker in the scope of employment, Mr. Stein/"Stein Tree" violated:

(a).    49 U.S.C.§113(b);
(b).    49 U.S.C.§§13902 & 13906 & 13908;
(c).    49 U.S.C.§30166;
(d).    49 U.S.C.§31135;
(e).    49 U.S.C.§31139(b)(2)&(f);
(f).    49 U.S.C.§14504 under "SSRS" and §14504a under "UCR";
(g).    29 U.S.C.§654;
(h).    18 U.S.C.§§1343 & 1346;
(i).    18 U.S.C.§241 & 1962(c).

151.   The financial minimum responsibility for transporting property was dictated by 49 U.S.C. §§13902 & 13906(f) & 31139(b)(2)(f) and 49 C.F.R. 387.15.  Congress by passing the Public Law 110-244 Title III struck out "commercial motor vehicle" and inserted "motor carrier or motor private carrier (as such terms are defined in 49 U.S.C. §13102" following transportation of property by...") and such law was enacted into this statute 06/08/2008.

152.   A surety appended to "Harford" policy was a guaranty for public liability if any exclusion clause prevents primary coverage, or no primary coverage.   "Zhai" remains as a creditor and obligee as long as subject matter jurisdiction has not rendered a valid judgment.  Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel.  Fraud, deceit, abuse of process, latches, or even ignorance cannot cure the jurisdictional defect a court does not have.  Congressional intent pursuant to Article I §8 clause 3 of Commerce Clause and guaranteed by §1 & §5 of 14th Amendment preempted any state law.

## XII. Reliance

153.   "Zhai" placed full faith and credit on "Delaware" to vindicate her rights and exercised legal rights pursuant to Congressional intent secured by Article I §8 clause 3 of Commerce Clause and Guaranteed by §1 & §5 of 14th Amendment.

154.   "Zhai" placed full faith and credit on the Oath of judicial officers whose conducts in legal proceedings of Delaware jurisdiction affected interstate commerce, public safety, personal and property rights.

155.   "Zhai" placed full faith and credit on [Policy No.: 9068024] given by "Stein Tree" at Red light collision was true in compliance with law to safeguard claimants.

156.  "Zhai" placed full faith and credit in US mail and wire as devices for processing 3rd party claim and the content of which affected interstate commerce, public safety, personal and property rights.

### XIII. Injury to Person (Public Safety), Personal and Property Rights

157.  Congressional intent mandated by 49 U.S.C. §113(b) held public safety as utmost priority due to highway sharing:

1).  Using illegal trucking scheme in interstate commerce by deployment unmarked Boom Truck with unlicensed operator in the scope of employment injured innocent public, personal and property rights;

2).  Using patterns of racketeering conduct in furtherance of the scheme and to defile subject matter jurisdiction was molestation of Congressional intent;

3).  Using fraud and deceit and abuse of process to defile subject matter jurisdiction by dismissing valid 3rd party claim without any justification was injurious to public, personal and property rights;

4).  Failure to enforce state compliance and enforcement to Federal law as recipient of Federal revenue constituted violation of §5 of 14th Amendment;

5).  Failure to enforce state compliance and enforcement to Federal rights and equal civil rights constituted violation of §1 & §5 of 14th Amendment.

### XIV. Abrogation of 11th Amendment

158.  "Delaware" enabled the scheme Mr. Stein and "Stein Tree" aimed at three years after "Delaware elected to be a recipient of Federal revenue and participant of "UCR." "Delaware" chose to violate §1 & §5 of 14th Amendment even after tangible proof of "Stein Tree" as interstate carrier was discovered 12/29/2013 and scheme was exposed 03/27/2014 in Delaware jurisdiction after exhaustion all venues in tri-state of Maryland, New Jersey, and Delaware to uncovering the truth and to enforce the rights. Continuation of *unconstitutional public policy* by "Delaware" contravened 49 U.S.C. §31134 pursuant to Congressional intent by passing Pub. L. 112-141 Div. C Title II §32105(a) and violated 49 U.S.C. §§13103 & 30103.

159.    As ratified by the States after the civil war, the 14th Amendment quite clearly contemplates on their Authority, in relevant part, it provides:

> §1. No State shall make or enforce any law which shall abridge the privileges or immunity of the citizens of the US, nor shall any State deprive any person of life, liberty, or property within its jurisdiction the equal protection of the laws;
>
> §5. The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.

160.    By 1917, the Supreme Court justices (According to Rich, W. J., Modern Constitutional Law 3rd Edition §35) remarked that "the authority of Congress to keep the channels of interstate commerce free from immoral and injurious uses has been frequently sustained, and is no longer open to question.  In 1935, Supreme Court justice Frankfurter wrote:

> "when the conduct of an enterprise affects commerce among the States is a matter of practical judgment, not to be determined by abstract notions. The exercise of this practical judgment of the Constitution entrusts primarily and very largely to the Congress, subject to the latter's control by the electorate.  Great power was thus given to the Congress: the power of legislation and thereby the power to passing judgment upon the needs of a complex society."

161.    When Congress exercises its power under §5 of 14th amendment, the court allowed abrogate 11th amendment immunity viewing it as the only viable authority.

162.    It has long been acknowledged that, even without reference to the 14th amendment, Congress has constitutional power to protect individuals in their federal rights, privileges, and immunities from either state or individual interference.  This power could be posited upon sovereignty itself, based upon the theory that the legislative body has inherent authority to enforce rights that it is otherwise empowered to establish and protect.   The 14th amendment made explicit that federally created rights could be enforced against the states.  In Boerne v. Flores, the justices had no reason to address

questions about Congressional power to enforce federal rights, privileges and immunities derived from sources other than the first eight amendments to the Constitution, but that should not be interpreted to suggest denial of the exercise of such rights.   See Fitzpatrick v. Bitzer, 427 U.S. 453.   See also Pennsylvania v. Union Gas Co., 491 U.S. 1.

## XV. Fraud and Deceit and Abuse of Process

163.    Under Delaware common law, a legal claim for **fraud** or **deceit** requires that plaintiff establish the following elements:

1).    a false representation of **material fact;**
2).    made by a person with knowledge that the representation is false, or with reckless indifference to the truth;
3).    an intention to induce the person to whom it is made to act or refrain from acting in reliance upon it;
4).    causing that person, in justifiable reliance upon the false statement, to take or refrain from taking action;
5).    causing such person to suffer damage by reason of such reliance.

164.    Restatement of the law 2nd on Torts Vol. 3 §682 **Abuse of Process** states:

> "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process."

## XVI. Civil Remedy

165.    "Zhai" recovers surety appended on insurance contract as matter of law.

166.    Remedy was cumulative pursuant to 49 U.S.C. §13103.  Statutory liability pursuant to 18 U.S.C. §1964(c) from patterns of racketeering conduct and conspiracy against rights and common law liability for fraud and deceit and abuse of process to defile the subject matter jurisdiction for civil remedy are simultaneously available pursuant to 49 U.S.C. §§13103 & 30103(e).  No prior criminal conviction is needed for

civil remedy pursuant to 18 U.S.C. §1964(c).    "Zhai" seeks **$75 Million** dollars compensatory damages and _unspecified_ amount of punitive damages for injures to public safety, personal and property rights from **ALL** parties as matter of law and fact. Zhai recovers reasonable attorney's fee and costs of the two suits and interests as matter of law.    Should disputed issue of material fact existed in that context, "Zhai" demands trial by jury pursuant to 7th Amendment.

167.    "Zhai" seeks injunctive relief and demands citation of _Zhai v. Stein and Stein Tree_, C.A. NO. 10C-11-079 RRC and any reference therefrom be vacated in its entirety; this complaint is filed with USDOJ due to RICO in interstate commerce.

168.    All parties are jointly and severally liable for the total damages.    And for other and further relief as this court deems just and proper.

Dated: 12/19/2014
Union City, CA 94587

By:

Respectfully Submitted,

Ann Zhai
32476 Deborah Drive
Union City, CA 94587
201-787-8788 (NJ Mobile)



State of California County of
Alameda
Subscribed and sworn to (or affirmed)
Before me on this ___ day of _Dec_, 20___, by
_Ann Zhai_
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.
Signature _Michael William Klugow_
_Notary public_

Michael William Klugow
COMM. #2023681
NOTARY PUBLIC · CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. MAY 9, 2017

United States District Court, Northern District
of California at Oakland Division

————————————————————————X

Ann Zhai,

              Plaintiff,

    -v-

Stein Tree Services et. al.,

              Defendants.

————————————————————————X

Verified Complaint
Jury Trial Demanded

## **Affidavit in Support of Complaint and Services to All Interested Parties**

I, Ann Zhai, duly sworn, state, and affirm under the penalty of perjury of US Law:

I am the plaintiff of this suit and all factual statement in this complaint is true and is true to the best of my personal knowledge and recollection of my personal knowledge. I certify the signature is mine and have notary public so certify that was my legal name.

Since RICO violation was alleged, USDOJ Criminal Division was notified with a copy of verified complaint along with all parties in this suit.

Dated: 12/19/2014
Union City, CA 94587

Respectfully Submitted,

By:

Ann Zhai
32476 Deborah Drive
Union City, CA 94587
201-787-8788 (NJ Mobile)

State of California County of
_Alameda_
Subscribed and sworn to (or affirmed)
Before me on this _17_ day of _Dec_, 20 _14_, by
_ANN Zhai_
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.
Signature _Michael William Klugow_
_NOTARY  Public_

Michael William Klugow
COMM. #2023681
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. MAY 9, 2017