UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN ZHAI,<br><br>                Plaintiff,<br><br>        v.<br><br>STEIN TREE SERVICES INC., et al.,<br><br>                Defendants. | Case No. 14-cv-05641-JCS<br><br>**REPORT AND RECOMMENDATION REGARDING VENUE AND SUFFICIENCY OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

## I.   INTRODUCTION

This case originates from a traffic accident that occurred in Delaware in November of 2008. Plaintiff Ann Zhai alleges that the accident led her to discover an "illegal trucking scheme" operating in Delaware, as well as a conspiracy to conceal the purported scheme. Her Complaint also includes allegations related to an action that she brought in Delaware state court regarding the same or similar issues. Zhai does not allege that any conduct at issue occurred in this district.

The undersigned granted Zhai's application to proceed in forma pauperis and now reviews the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2). For the reasons stated below, the undersigned recommends that the Complaint be DISMISSED for improper venue, with leave to amend if Zhai is aware of facts that would show venue to be proper in this district. Because Zhai has declined magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), this case will be reassigned to a United States district judge for further proceedings.

## II.   THE COMPLAINT

### A.   The Parties

Plaintiff Ann Zhai is currently a California resident. It is not clear where she resided at the time of the accident, but she was not a Delaware resident. *See* Compl. (dkt. 1) ¶ 41. Zhai was traveling through Delaware due to a family emergency. *Id.* ¶ 57.

1   Zhai's Complaint names the following Defendants: (1) Stein Tree Services, Inc. ("Stein Tree"), an "interstate motor carrier . . . which employed a fleet of Boom Trucks and other commercial utility vehicles for forestry risk management and property transportation in Maryland, New Jersey, and Delaware"; (2) Jeffrey Stein, the president of Stein Tree; (3) Hartford Mutual Insurance Company ("Hartford"), Stein Tree's insurance carrier, based in Maryland; (4) Robin Raymond, an individual to whom Hartford assigned a third-party claim; (5) Weber Gallagher Simpson Stapleton Fires & Newby LLC ("Weber"), a "general practice law firm headquarted in Philadelphia with multiple locations in [the] Northeast and Mid-Atlantic region[s] of the United States"; (6) Mary E. Sherlock, an attorney employed by Weber; (7) the Honorable Richard R. Cooch, a judge of the Superior Court of Delaware; and (8) the state of Delaware. *Id.* ¶¶ 4−8.

**B.    Zhai's Allegations**

Zhai alleges that on November 11, 2008, she was stopped at a red light at the intersection of "Delaware highways 3 and 13" when her car was struck by a boom truck. *Id.* ¶¶ 40, 42. The boom truck was unmarked, and did not have state or federal Department of Transportation decal. *Id.* ¶¶ 43−44. The operator of the truck informed Zhai that he was employed by "Stein Tree, that his boss was Jeffrey Stein, and that Hartford was the primary insurance carrier for the truck. *Id.* ¶¶ 52−54. Zhai contacted Mr. Stein by telephone, but alleges that he refused to provide her with documents such as his insurance contract with Hartford or maintenance records for the truck. *Id.* ¶¶ 58−64.

Zhai filed a claim with Hartford, and an insurance adjuster determined that her vehicle was a total loss. *Id.* ¶¶ 70−71. Hartford declined to provide certain documents and information to Zhai. *Id.* ¶¶ 72−76. Hartford did, however, provide a check for the total loss value of Zhai's vehicle. *Id.* ¶ 77. Zhai alleges that the check bore a different policy number than the truck operator had given her at the scene of the accident. *Id.*

Zhai then filed a lawsuit in state court, which she describes as follows:

> "Zhai" duly and timely filed <u>Zhai v. Stein & Stein Tree services, Inc.</u> in Delaware superior court under the condition if "Hartford" and "Stein Tree" have conspired to conceal the jurisdictional facts as allege in ¶¶30-31-32 with intent to defraud "Zhai" due to her race, gender and vulnerability of family medical emergency, defense

2

1   counsels [s]hall remove to Federal court pursuant to Article III §2 of Constitution.

*Id.* ¶ 78 (brackets in original). Sherlock was assigned to defend the claim on behalf of Hartford. Zhai alleges that "[w]ithin 30 days of receipt of the complaint, nobody answered the complaint." *Id.* ¶ 80. It is difficult to discern from Zhai's allegations what happened in the state court action. It appears that her claim may have been dismissed, or at least that a motion to dismiss was filed:

> Delaware state court imposed private settlement in the absence of jurisdiction: Ms. Sherlock and "Weber" violated 18 U.S.C. §1952 when they knew Delaware state court lacked remedy or contradicted to Federal remedy. When extortion of private settlement failed, Ms. Sherlock immediately caused motion to dismiss via US mail demanding Delaware state jurist to dismiss <u>Zhai v. Stein and Stain Tree, Inc.</u>

*Id.* ¶ 147(3).

The remainder of Zhai's Complaint consists largely of legal conclusions. A representative paragraph reads as follows:

> If defense and 'Delaware' were required by Federal law and a state law to produce insurance contract in light of <u>undisputed</u> Red light collision cause by <u>unmarked</u> Boom Truck with <u>unlicensed</u> operator with co-worker in the scope of employment, it would expose Delaware *unconstitutional public policy* enabled the *illegal trucking scheme* in violation of 18 U.S.C. §1346 aimed at disparity of state compliance and enforcement to Federal law in parallel motor registration systems pursuant to 49 U.S.C. §§414504a & 14504 ('SSRS' is still effective) affecting interstate commerce, public safety, personal and property rights.

*Id.* ¶ 95. Zhai appears to allege that Stein Tree and Mr. Stein were able to take advantage of discrepancies among Maryland, New Jersey, and Delaware laws in order to avoid registering one or more trucks and/or maintaining minimum financial responsibility for the truck or trucks. *See id.* ¶¶ 100−07. Zhai also repeatedly alleges that Defendants concealed "jurisdictional facts" from her. *E.g.*, *id.* ¶¶ 109−113.

The Complaint does not allege any conduct occurring in this district. Instead, all of the conduct described in the Complaint appears to have occurred in Delaware, Maryland, and New Jersey.

### III.     ANALYSIS

#### A.     Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406.  A district court may raise the issue of venue on its own motion.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (affirming *sua sponte* dismissal for improper venue).  When a court reviews the sufficiency of a complaint pursuant to 28 U.S.C. § 1915, the court may dismiss the case if venue is improper.  *See, e.g.*, *Monaghan v. Fiddler*, No. C 11-3278 CW, 2011 WL 4984710, at *1 (N.D. Cal. Oct. 19, 2011); *Cervantes v. DHS: CPS*, No. 11-CV-782-IEG (JMA), 2011 WL 1542511, at *3 (S.D. Cal. Apr. 20, 2011).

In the federal courts, there are three ways in which venue can be established.  Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  In other words, a plaintiff generally must file his or her complaint either in the *defendants'* home district or in the district where events at issue happened.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  "A district court should not dismiss a

4

pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B. Venue Is Improper in This District

Zhai's Complaint does not establish that venue is proper in the Northern District of California under any of the tests set forth in the federal venue statute. *See* 28 U.S.C. § 1391(b).

Section 1391(b)(1) provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Here, this test would require that *all* defendants reside in California, and that at least one defendant reside within the Northern District. Zhai's Complaint alleges that most if not all Defendants in this case reside in Delaware or Maryland. Compl. ¶¶ 4−8.

Section 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, Zhai alleges that the car accident and state court proceedings that give rise to her purported claim occurred in Delaware. Compl. ¶¶ 40, 42, 78. She alleges that the purported Stein Tree trucking scheme took place in Delaware, Maryland, and New Jersey. *See id.* ¶¶ 100−07. The Complaint does not allege that any acts or omissions giving rise to the claim occurred in the Northern District of California, and there is no indication that any "property that is the subject of the action" is located here. The Complaint therefore fails to satisfy § 1391(b)(2).

Section 1391(b)(3) is a fallback provision for cases where "there is no district in which an action may otherwise be brought." It does not apply here because Zhai's allegations show that

venue would be proper in the United States District Court for the District of Delaware, pursuant to § 1391(b)(2) as the district where a substantial part of the relevant events occurred.  Even if that were not true, there is no indication that any Defendant in this case is "subject to the court's personal jurisdiction" in this district.  Zhai therefore cannot rely on § 1391(b)(3) for venue.

Zhai's Complaint includes a section addressing venue, in which she states that venue in this district "would balance parties in multiple district[s] in the interest of justice."  Compl. ¶ 12.  In federal court, venue is determined by statute ; it is not merely a matter of "the interest of justice."  Even if the Court had such discretion, Zhai has not demonstrated that the interest of justice would favor litigating her claim in this district when all other parties to the case are located in or around Delaware.

Because none of the three tests of § 1391 are met, venue is improper in this district.  However, because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," the undersigned recommends that Zhai be granted to leave to amend her Complaint if she is aware of facts that could show proper venue in the Northern District of California.  *See Akhtar*, 698 F.3d at 1212.

Where venue is improper, the Court may transfer a case to a proper venue, rather than dismiss, "if it be in the interest of justice."  28 U.S.C. § 1406(a).  Here, however, Zhai's Complaint suggests that she does not wish to litigate this case in Delaware.  *See* Compl. ¶ 12 ("Plaintiff asserts <u>Forum Non Conveniens</u> pursuant to 28 U.S.C. §1404(a) if the case was removed back to US District Court at Delaware.").  The undersigned therefore finds that the interests of justice favor dismissal without prejudice rather than transfer to the District of Delaware against Zhai's wishes.  If Zhai is unable to amend to show proper venue in this district, and would rather litigate in the District of Delaware than not litigate at all, she may file a new complaint in that district.

### C.    If Zhai Seeks to Remove a Delaware State Court Action She Must Remove to the District of Delaware

Although it generally appears that Zhai intends to file a new claim in federal court rather than remove an ongoing state court action, one paragraph in the "Venue" section of her Complaint

6

suggests that she may be seeking removal:

> Removal would expose illegal trucking scheme aimed at disparity of state compliance and enforcement to Federal law in parallel motor registration systems affecting interstate commerce, and public safety, personal and property rights; removal would expose conspiracy against rights and expose mail fraud and wire fraud in furtherance of the illegal trucking scheme; removal would expose fraud and deceit on jurisdictional facts alleged in ¶¶30-31-32 which were necessary and relevant to the rights of 3rd party claimant; removal would expose "Delaware" unconstitutional public policy; removal would provide civil remedy.

Compl. ¶ 11. If Zhai wishes to remove a state court action to federal court, she must comply with the federal removal statutes: 28 U.SC. §§ 1441 and 1446. Removal is only permitted "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, if Zhai wishes to remove a case from Delaware state court, she must remove it to the United States District Court for the District of Delaware, not this Court.

## IV.  CONCLUSION

For the reasons stated above, the undersigned recommends that Zhai's Complaint be DISMISSED due to improper venue, without prejudice to Zhai filing a complaint in another district where venue is proper. The undersigned further recommends that Zhai be granted to leave to file an amended complaint in this Court if she is aware of additional facts demonstrating that venue is proper in the Northern District of California. If the Court adopts these recommendations and Zhai chooses to amend her Complaint, any amended complaint must address the deficiencies discussed above regarding venue, and should consist of "a short and plain statement of the claim" pursuant to Rule 8 of the Federal Rules of Civil Procedure, clearly and plainly setting forth Defendants' conduct and any harm that Zhai has suffered on account of such conduct.

This case will be reassigned to a United States district judge for further proceedings. **Any objection to the recommendations above must be filed no later than fourteen days after Zhai is served with a copy of this Report.** *See* 28 U.S.C. § 636(b)(1).

Zhai is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance if she continues to

7

United States District Court
Northern District of California

1 prosecute this action.  The San Francisco Legal Help Center office is located in Room 2796 on the
2 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located
3 in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be
4 made by calling (415) 782-8982 or signing up in the appointment book located outside either
5 office.  Lawyers at the Legal Help Center can provide basic assistance to parties representing
6 themselves but cannot provide legal representation.

7 Dated: January 9, 2015

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California