IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANN ZHAI,

    Plaintiff,

v.

STEIN TREE SERVICES INC., et al.,

    Defendants.

No. C 14-05641 WHA

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**

In this action arising from a traffic accident in Delaware, a report and recommendation stated that the complaint should be dismissed for improper venue, but leave to amend should be granted if plaintiff could allege facts showing that venue would be proper. For the reasons stated herein, the report and recommendation is **ADOPTED**, except that leave to amend will not be permitted.

              \*              \*              \*

*Pro se* Ann Zhai commenced this action in December 2014 (Dkt. No. 1). The allegations in her complaint were as follows.

In November 2008, Zhai was struck by a "boom truck" at a traffic stop in Delaware (Compl. ¶ 40). The boom truck was not marked with a federal or state decal, nor with the name of a company, but Zhai allegedly discovered that it belonged to defendant Stein Tree Services Inc. and was operated by a Stein Tree employee who did not have a commercial license (Compl. ¶¶ 43–52). Zhai first brought an action in Delaware state court in 2010 against Stein Tree and its president (Compl. ¶ 10). *Zhai v. Stein*, No. 10C-11-079, 2012 WL 1409358 at \*1, 6

(Del. Super. Ct. Jan. 6, 2012) (Judge Richard R. Cooch). That action was dismissed. Three years later, Zhai brings this federal action in our district based on the same November 2008 accident in Delaware. The complaint alleges concealment of an "illegal trucking scheme" in violation of federal law. The state of Delaware and Judge Cooch are named as defendants, among others (Compl. ¶¶ 4–8, 13–35).

In January 2015, Magistrate Judge Joseph Spero issued a report and recommendation which stated that the complaint should be dismissed for improper venue "with leave to amend if Zhai is aware of facts that would show venue to be proper in this district." Zhai filed a timely objection (Dkt. Nos. 5, 6).

\*         \*         \*

This order finds that the complaint must be dismissed for improper venue. 28 U.S.C. 1391(b). The grievances raised in the complaint stem entirely from a traffic accident in Delaware that allegedly occurred in November 2008 (Compl. ¶¶ 40, 42). None of the conduct alleged in the complaint occurred in this district and none of the defendants are residents of this state. Indeed, they appear to hale from Delaware, Maryland, New Jersey, and Pennsylvania (Compl. ¶¶ 4–8).

Contrary to Zhai, Section 1965(b) of Title 18 of the United States Code does not establish venue in this district. Zhai argues that her RICO claim would "accommodate [the] permanent injury from the Boom Truck collision [in Delaware] and would balance parties in multiple district[s] in the interest of justice" (Compl. ¶ 12). Not so. Section 1965(b) does not deal with venue, nor would it establish personal jurisdiction over any of the defendants because no nationwide RICO conspiracy was alleged in the complaint. *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Investment, Inc.*, 788 F.2d 535, 538–39 (9th Cir. 1986).

Accordingly, the complaint is hereby **DISMISSED**. The venue analysis in the report and recommendation is **ADOPTED**.

2

Leave to amend, however, will not be permitted. In her objection, Zhai mentions for the first time a different traffic accident that allegedly occurred in the Berkeley region in April 2009, involving a stranger to this litigation. That traffic accident has no connection whatsoever to the accident alleged in the complaint and that Berkeley accident was never alleged in the complaint. Indeed, even Zhai admits that neither her fraud nor RICO claims occurred in California (Obj. 4). The "damage was done when Delaware wrongly dismissed Zhai's case and subsequently refused to vacate the void order" (Obj. 3). It would be utterly futile to allow leave to amend the complaint because Zhai cannot allege any specific facts showing that venue would be proper here.

Accordingly, the report and recommendation is hereby **ADOPTED**, except that leave to amend will not be permitted. This dismissal is without prejudice to plaintiff filing suit in a district where venue would be proper. Of course, Zhai may file a timely appeal to our court of appeals. Judgment shall be issued in a companion order.

**IT IS SO ORDERED.**

Dated: January 30, 2015

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3